Mr. Chief Justice Hall
dissenting:
I respectfully dissent.
The facts as stated in the major opinion show that the plaintiff in approaching the crossing had an open and unobstructed view of the defendant’s tracks, not only in front of him but also as they extended to his right and left. He saw the engine “long prior to the collision,” and proceeded “without paying much attention to it.” The engine remained in view at all times after he first saw it. He said he looked “west and then east, looked west again, and * * * again looked east.” He did not see anything and “he then stepped on the gas and glanced to the west.” When he next looked east the engine was entering the crossing.
The evidence offered by plaintiff, in my humble opinion, established beyond any doubt that plaintiff did not look or, if he did look, he failed to see that which was plainly visible. To state that a railroad crossing is a *601 place of danger is to state the obvious. Plaintiff realized the danger in approaching this crossing. He took several looks, failed to see that which loomed large right before his eyes. He is in no better position than one who does not look, shuts his eyes and steps on the gas.
Due care requires not only that one look, but that one also see that which is plainly visible. To look and not see does not meet the requirement of due care. Due care requires a high degree of care commensurate with the well known and recognized dangers constantly prevailing at railroad crossings.
In Buchholz v. Union Pacific Railroad Company, (1957) 135 Colo. 331, 311 P. (2d) 717, a very similar situation was considered and it was held that failure of a driver to see an approaching train was negligence as a matter of law, the court saying:
“It is inexplicable why this driver did not see the train approaching when he had stopped for that very purpose, and then entered upon a place known to be dangerous at a speed of four to six miles per hour, which even then would have enabled him to stop instantly. Such evidence shows a lack of due care and caution; was negligence, and a proximate cause of the accident.”
And quoting from Westerkamp v. C. B. & Q. Ry. Co., 41 Colo. 290, 92 Pac. 687, the following statement was approved:
“From all the facts and circumstances, there is but one conclusion deducible, viz., he did not look; because, if he had, he could not have failed to discern the train approaching the crossing he was about to drive over. * * *.”
In Fabling v. Jones, 108 Colo. 144, 114 P. (2d) 1100, this court said:
“* * * it is certain that when plaintiff looked, the car which struck her was within the scope of her vision whether she saw it or not. To have looked in such a manner as to fail to see what must have been plainly visible was to look without a reasonable degree of care and is of no more effect than if she had not looked at all. *602 Gunby v. Colorado & Southern R. R. Co., 77 Colo. 225, 235 Pac. 566; Nucci v. Colorado & Southern Ry. Co., 63 Colo. 582, 169 Pac. 273; Denver City Tramway Co. v. Cobb, 164 Fed. 41, and McLennon v. Whitney-Steen Co., 63 Colo. 568, 167 Pac. 771. See, also, Mertens v. Lakeshore Yellow Cab & Transfer Co., 195 Wis. 646, 218 N.W. 85; Silverstein v. Adams, 134 Wash. 430, 235 Pac. 784, and Chase v. Thomas, 7 Cal. App. (2d) 440, 46 P. (2d) 200.”
In Werner v. Schrader, 127 Colo. 523, 258 P. (2d) 766, this court said:
“The failure of a driver to maintain a proper lookout and to see what he could and should have seen on approaching or traversing a street intersection, may constitute negligence as a matter of law.
“Was young Mr. Werner contributorily negligent? Under the record in this case his negligence in failing to see defendant’s automobile and to yield to it the right-of-way constituted contributory negligence sufficient to bar a recovery as a matter of law, * *
I subscribe to the foregoing quoted language of this court, and similar language in many other cases resolved by this court and the courts of other states and the United States.
As I view it, the majority opinion stands for the proposition, contrary to the holding of the Buchholz and other cases, that it is for the jury to determine whether one is acting with due care in proceeding from a safe place into a dangerous place conditional only that he look. That one who looks and fails to see that which is plainly visible is or may be exercising due care.
Such a standard of due care is, in my opinion, wholly unrealistic.
Plaintiff’s conduct is an all too common example of gross, inexcusable negligence which often leads to tragic results.
The judgment should be reversed.